UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| Harold Harris and Jeff Scott, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Atomic Transport, LLC, a Tennessee Corporation,<br><br>Defendant. | No. _____<br><br>**CLASS ACTION AND COLLECTIVE ACTION COMPLAINT** |

Plaintiffs, Harold Harris ("Plaintiff Harris") and Jeff Scott ("Plaintiff Scott") (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, and by and through the undersigned attorneys sues the Defendant, Atomic Transport, LLC ("Atomic Transport"), and alleges as follows:

**PRELIMINARY STATEMENT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, for Atomic Transport's failure to pay Plaintiffs and other similarly-situated employees all earned overtime wages.

2. This lawsuit also arises under Ohio Revised Code ("ORC") § 4111.01 for Atomic Transport's failure to pay Plaintiffs and other similarly-situated employees all earned overtime wages.

3. Plaintiffs, the Collective Members and Class Members are current and former employees of Atomic Transport. Plaintiffs brings this action on behalf of themselves and all similarly-situated current and former drivers who Atomic Transport misclassified as "exempt"

1

from overtime under the FLSA and the ORC, and who were therefore not paid one-and-one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek.

4. The Collective Members and Class Members are all current and former drivers who were employed by Atomic Transport at any time starting three years before this Complaint was filed, up to the present.

5. Under the FLSA and ORC, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rates of pay for all time they spend working in excess of 40 hours in a given workweek. Atomic Transport failed to pay Plaintiffs one and one-half times their regular rates of pay for all time they spent working in excess of 40 hours in a given workweek. Plaintiffs therefore bring this Collective and Class action Complaint pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 for Atomic Transport's violation of federal and Ohio law as detailed further below.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1367 because this action contains claims arising under Ohio law that are so related to Plaintiffs' claims under 29 U.S.C. § 201, *et seq.* that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiffs, the Collective Members, and the Class Members occurred within this district, Atomic Transport is incorporated in Tennessee, Atomic Transport is headquartered in Nashville and, and Atomic Transport regularly conducts business in and has

engaged in the wrongful conduct alleged herein – and, thus, is subject to personal jurisdiction in – this judicial district.

8. Plaintiffs, the Collective Members and the Class Members in their work for Atomic Transport, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

9. Plaintiffs, the Collective Members and the Class Members, in their work for Atomic Transport, were employed by an enterprise engaged in commerce that has annual gross volume of sales made for business in excess of $150,000, exclusive of excise taxes at the retail level which are separately stated. *See* ORC §4111.03(D).

## BACKGROUND

10. Atomic Transport "is a proven solution in the bulk-material transport industry with a 'dedicated fleet' of company-owned assets and W2 driver employees." www.atomictransport.com (last visited June 3, 2020).

11. Atomic Transport has regional offices in Arkansas, Alabama, Georgia, Kentucky, Mississippi, Nebraska, North Carolina, Ohio, South Carolina, Tennessee, and Texas.

12. Plaintiff Harris was employed by Atomic Transport at its Moraine, Ohio facility from approximately May 1, 2019 through approximately March 10, 2020 as a driver. At all material times during his employment with Atomic Transport, Plaintiff Harris was non-exempt from the ORC's and FLSA's overtime requirements.

13. Plaintiff Scott was employed by Atomic Transport at its Moraine, Ohio facility from approximately August 1, 2017 through approximately July 31, 2018 as a driver. At all material times during his employment with Atomic Transport, Plaintiff Harris was non-exempt from the ORC's and FLSA's overtime requirements.

3

14. The Collective Members are all current and former drivers who worked for Atomic Transport at any of its offices nationwide at any point in the three years preceding the filing of this Complaint. The Collective Members are non-exempt from the FLSA's overtime requirements.

15. The Class Members are all current and former drivers who worked for Atomic Transport in Ohio at any point in the three years preceding the filing of this Complaint. The Class Members are non-exempt from the ORC's overtime requirements.

16. During each and every workweek, Plaintiffs, the Collective Members, and the Class Members were often not paid on an hourly or salary basis and were instead paid on a "per load" basis.

17. For the entire duration of Plaintiffs', the Collective Members' and the Class Members' employment with Atomic Transport, Atomic Transport had a consistent policy and practice of requiring Plaintiffs, the Collective Members and the Class Members to work well in excess of forty (40) hours per week without paying Plaintiffs, Collective Members and the Class Members time and a half for hours worked over forty (40) hours per week.

18. As a result of Defendants' failure to pay time and a half to Plaintiffs, the Collective Members and the Class Members for hours worked over forty (40) hours per week, Defendants violated 29 U.S.C. § 207(a), ORC §4111.03 and Article II § 34a of the Ohio Constitution.

19. Plaintiffs, the Collective Members and he Class Members were non-exempt employees.

20. Plaintiffs, the Collective Members and the Class Members were not managers. They did not have supervisory authority over any employees, did not possess the authority to hire or fire employees, did not possess authority to make critical job decisions with respect to any of

4

Atomic Transport's employees, did not direct the work of two or more employees, and did not exercise discretion and independent judgment with respect to matters of significance.

21. The primary duty of Plaintiffs, the Collective Members and the Class Members was not the management of the enterprise in which they were employed or any recognized department of the enterprise.

22. Atomic Transport is Plaintiffs', the Collective Members' and the Class Members' employer as defined by the FLSA and ORC. At all relevant times, Atomic Transport had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs', the Collective Members' and the Class Members' employment with Atomic Tranport. Having acted in the interest of Atomic Transport in relation to its employees, including Plaintiffs, the Collective Members and the Class Members, Atomic Transport is subject to liability under the FLSA and ORC. 29 U.S.C. § 201, *et seq;* ORC § 4111.03(D).

23. At all relevant times, Plaintiffs, the Collective Members and the Class Members were "employees" of Atomic Transport as defined by the FLSA and ORC. 29 U.S.C. § 201, *et seq;* 4111.03(D).

24. Atomic Transport knew that – or acted with reckless disregard as to whether – its refusal or failure to properly compensate Plaintiffs, the Collective Members and the Class Members over the course of their employment would violate federal and Ohio law, and Atomic Transport was aware of the FLSA and ORC overtime wage requirements during Plaintiffs', the Collective Members', and the Class Members' employment. As such, Atomic Transport's conduct constitutes a willful violation of the FLSA and ORC.

5

25. Plaintiff Harris has given his written consent to be a party Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as "**Exhibit A**."

26. Plaintiff Scott has given his written consent to be a party Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as "**Exhibit B**."

## COLLECTIVE ACTION ALLEGATIONS

27. Plaintiffs and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

28. Plaintiffs and the Collective Members bring this action pursuant to 29 U.S.C. § 216(b) on their own behalf and as a representative of individuals similarly situated who are current or former drivers employed by Atomic Transport.

29. Atomic Transport subjected all of their drivers, including Plaintiffs and the Collective Members, to their policy and practice of not paying their drivers one and one half times their regular rates of pay for time they spent working in excess of 40 hours in a given workweek, in violation of 29 U.S.C. § 206(a) and 207(a).

30. At all times material, Plaintiffs and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Atomic Transport's decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully subjecting Plaintiffs and the Collective Members to their policy and practice of not paying their

6

Case 3:20-cv-00595   Document 1   Filed 07/13/20   Page 6 of 18 PageID #: 6

drivers one and one half times their regular rates of pay for time they spent working in excess of 40 hours in a given workweek, in violation of 29 U.S.C. § 206(a) and 207(a).

31. Plaintiffs' claims stated in this complaint are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiffs is identical or substantially similar.

32. The Collective Members perform or have performed the same or similar work as Plaintiffs.

33. Atomic Transport's failure to pay full minimum wage or overtime compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of Plaintiffs or the Collective Members.

34. Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Atomic Transport that caused harm to all of the Collective Members.

35. As such, Plaintiffs bring their FLSA overtime claims as a collective action on behalf of the following class:

> **The FLSA Collective Members are all of Atomic Transport's current and former drivers who were not paid one and one half times their regular rates of pay for time spent working in excess of 40 hours in a given workweek, starting <u>three years before this lawsuit was filed up to the present.</u>**

7

36. Atomic Transport's unlawful conduct, as described herein, is pursuant to Atomic Transport's corporate policy or practice of minimizing labor costs by refusing and/or failing to properly compensate its employees according to the FLSA.

37. Atomic Transport is aware or should have been aware that federal law prohibited them from not paying their drivers–namely, Plaintiffs and the Collective Members – an overtime premium wage for time spent working in excess of 40 hours per given workweek.

38. Atomic Transport's unlawful conduct has been widespread, repeated, and consistent.

39. This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

40. Upon information and belief, the individuals similarly situated to Plaintiffs include hundreds, and possibly thousands, of drivers currently and/or formerly employed by Atomic Transport. Plaintiffs are unable to state the precise number of similarly-situated employees because that information is solely in Atomic Transport's possession, custody, or control, but it can be readily ascertained from their employment records.

41. Notice can be provided to the Collective Members by First Class Mail to the last address known to Atomic Transport, via email at the last known email address known to Atomic Transport, and by text message to the last known telephone number known to Atomic Transport and by workplace posting at each of Atomic Transport's regional offices.

## OHIO OVERTIME CLASS ACTION ALLEGATIONS

42. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

43. Plaintiffs brings their Ohio wage claims as a Rule 23 class action on behalf of the following Class Action Members:

> **The Class Action Members are all of Atomic Transport's current and former drivers who worked in Ohio and were not paid one and one half times their regular rates of pay for time spent working in excess of 40 hours in a given workweek, starting <u>three years before this lawsuit was filed up to the present.</u>**

44. <u>Numerosity</u>. The number of Class Action Members is believed to be over one hundred. This volume makes bringing the claims of each individual Class Member before this Court impracticable. Likewise, joining each individual Class Member as a plaintiff in this action is impracticable. Furthermore, the identity of the Class Members will be determined from Atomic Transport's records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Class Action Members and Atomic Transport.

45. <u>Typicality</u>. Plaintiffs' claims are typical of the Class Members because like the Class Members, Plaintiffs were subjected to Atomic Transport's uniform policies and practices and were compensated in the same manner as the other Class Members. Atomic Transport regularly required Plaintiffs and the Class Members to work in excess of forty hours per week without compensating them at one and one-half times their regular rate of pay for the hours they worked in excess of forty hours in any given workweek. As a result, Atomic Transport failed to pay Plaintiffs and the Class Members overtime as required by Ohio law.

9

46. As a result of such policy and practice, Atomic Transport violated the overtime wage provisions of Ohio Revised Code. § 4111.03.

47. _Adequacy_. Plaintiffs will fairly and adequately protect the interests of the Class Members because it is in their interest to effectively prosecute the claims in this Complaint in order to obtain the unpaid wages and penalties required under Ohio law. Plaintiffs have retained attorneys who are competent in both class actions and wage and hour litigation. Plaintiffs do not have any interest that may be contrary to or in conflict with the claims of the Class Members she seeks to represent.

48. _Commonality_. Common issues of fact and law predominate over any individual questions in this matter. The common issues include, but are not limited to:

   a. Whether Atomic Transport properly classified Plaintiffs and the Class Members as exempt from overtime under Ohio law;

   b. Whether Atomic Transport failed to pay Plaintiffs and the Class Members one and one-half times their regular rate of pay for all hours worked in excess of forty hours in any given workweek;

   c. Whether Plaintiffs and the Class Members are entitled to compensatory damages;

   d. The proper measure of damages sustained by Plaintiffs and the Class Members; and

   e. Whether Atomic Transport's actions were "willful."

49. _Superiority_. A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even in the event any of the Class Members could afford to pursue individual litigation against companies the size of Atomic Transport, doing so would

10

unduly burden the system. Individual litigation would magnify the delay and expense to all parties and burden the court system with duplicative lawsuits. Prosecution of separate actions by individual Class Members would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Atomic Transport.

50. A class action presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court and Judge. By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Class Members are promoted. Additionally, class treatment in this matter will provide for judicial consistency. The identities of the Class Members are readily identifiable from Atomic Transport's records.

51. This type of case is well-suited for class action treatment because: (1) Atomic Transport's practices, policies, and/or procedures were uniform; (2) the burden is on Atomic Transport to prove they properly compensated their employees; (3) the burden is on Atomic Transport to accurately record hours worked by employees; and (4) the burden is on Atomic Transport to prove that it properly exempted Plaintiffs and the Class Members from Ohio's overtime requirements.

52. Ultimately, a class action is a superior forum to resolve the Ohio state law claims set forth in this Complaint because of the common nucleus of operative facts centered on the continued failure of Atomic Transport to pay Plaintiffs and the Class Members according to applicable Ohio laws.

53. <u>Nature of Notice to be Proposed</u>. As to the Rule 23 Class Action Members, it is contemplated that notice would be issued giving the Class Members an opportunity to opt out of the class if they so desire, *i.e.* an "opt-out notice." Notice of the pendency and resolution of the

11

action can be provided to the Class Members by mail, electronic mail, print, broadcast, internet, and/or multimedia publication.

## COUNT THREE: FAIR LABOR STANDARDS ACT FAILURE AND/OR REFUSAL TO PAY OVERTIME

65. Plaintiffs and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

66. During the entirety of Plaintiff Harris's employment with Atomic Transport from approximately May 1, 2019 through approximately March 10, 2020, Plaintiff Harris worked more than forty (40) hours in each and every workweek. In some weeks, Plaintiff Harris would work as many as eighty (80) hours.

67. Atomic Transport never paid Plaintiff Harris any overtime whatsoever and failed to ever pay Plaintiff Harris one and a half times his regular rate of pay for all hours worked in excess of forty (40) hours for each and every workweek of Atomic Transport's employment of Plaintiff Harris.

68. During the entirety of Plaintiff Scott's employment with Atomic Transport from approximately August 1, 2017 through approximately July 31, 2018, Plaintiff Scott worked more than forty (40) hours in each and every workweek. In some weeks, Plaintiff Scott would work as many as eighty (80) hours.

69. Atomic Transport never paid Plaintiff Scott any overtime whatsoever and failed to ever pay Plaintiff Harris one and a half times his regular rate of pay for all hours worked in excess of forty (40) hours for each and every workweek of Atomic Transport's employment of Plaintiff Scott.

70. Atomic Transport had a consistent enterprise wide policy of requiring the Collective Members to work more than forty (40) hours in any given workweek and failing and/or

12

refusing to compensate the Collective Members at one-and-one-half times their regular hourly rate for all the time they worked in excess of forty (40) hours.

71. As a result, Atomic Transport has intentionally failed and/or refused to pay Plaintiffs and the Collective Members overtime according to the provisions of the FLSA, 29 U.S.C. § 207.

72. Although at this stage, Plaintiffs and the Collective Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiffs and the Collective Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

73. Atomic Transport knew that – or acted with reckless disregard as to whether – its refusal or failure to properly compensate Plaintiffs and the Collective Members over the course of their employment would violate the FLSA, and Atomic Transport was aware of the FLSA's overtime requirements. As such, Atomic Transport's conduct constitutes a willful violation of the FLSA.

74. As a result of Atomic Transport's failure or refusal to pay Plaintiffs and the Collective Members a wage equal to one and one half times their regular hourly rate for work they performed for Atomic Transport in excess of their regular 40-hour workweek, Atomic Transport violated 29 U.S.C. § 207(a). Plaintiffs and the Collective Members are therefore entitled to compensation of one-and-one-half times their regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

75. **WHEREFORE**, Plaintiff Harris, Plaintiff Scott and the Collective Members request that this Court enter Judgment against Defendant Atomic Transport, LLC in their favor:

   a. Awarding Plaintiffs and the Collective Members overtime compensation in the amount due to them for all of their time worked in excess of forty (40) hours per work week at an amount equal to one-and-one-half times their regular rate while working for Atomic Transport.

   b. Awarding Plaintiffs and the Collective Members liquidated damages in an amount equal to the overtime award;

   c. Awarding Plaintiffs' and the Collective Members' reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

   d. Awarding Plaintiffs' and the Collective Members' costs incurred in this action;

   e. Awarding Plaintiffs and the Collective Members pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

   f. Awarding Plaintiffs and the Collective Members post-judgment interest, at the highest legal rate, on all amounts from the date of such award until paid in full;

   g. Granting service awards to Plaintiff Harris and Plaintiff Scott; and

   h. For such other and further relief as the Court deems just and proper.

### COUNT TWO: STATE OF OHIO UNPAID OVERTIME

76. Plaintiffs and the Class Members reallege and incorporate by reference all allegations in all preceding paragraphs.

77. Plaintiffs and the Class Members were non-exempt employees entitled to Ohio's statutorily mandated overtime wages.

14

78. Ohio Revised Code § 4111.03 requires an employer to pay a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act.

79. During the entirety of Plaintiff Harris's employment with Atomic Transport from approximately May 1, 2019 through approximately March 10, 2020, Plaintiff Harris worked more than forty (40) hours in each and every workweek. In some weeks, Plaintiff Harris would work as many as eighty (80) hours.

80. Atomic Transport never paid Plaintiff Harris any overtime whatsoever and failed to ever pay Plaintiff Harris one and a half times his regular rate of pay for all hours worked in excess of forty (40) hours for each and every workweek of Atomic Transport's employment of Plaintiff Harris.

81. During the entirety of Plaintiff Scott's employment with Atomic Transport from approximately August 1, 2017 through approximately July 31, 2018, Plaintiff Scott worked more than forty (40) hours in each and every workweek. In some weeks, Plaintiff Scott would work as many as eighty (80) hours.

82. Atomic Transport never paid Plaintiff Scott any overtime whatsoever and failed to ever pay Plaintiff Harris one and a half times his regular rate of pay for all hours worked in excess of forty (40) hours for each and every workweek of Atomic Transport's employment of Plaintiff Scott.

83. Atomic Transport had a consistent enterprise wide policy of requiring the Class

Members to work more than forty (40) hours in any given workweek and failing and/or refusing to compensate the Class Members at one-and-one-half times their regular hourly rate for all the time they worked in excess of forty (40) hours.

84. As a result, Atomic Transport intentionally failed and/or refused to pay Plaintiffs and the Class Members overtime according to the provisions of Ohio Revised Code § 4111 et seq. and Article II § 34a of the Ohio Constitution.

85. Atomic Transport knew that – or acted with reckless disregard as to whether – its refusal or failure to properly compensate Plaintiffs and the Class Members over the course of their employment would violate Ohio law, and Atomic Transport was aware of the Ohio's overtime wage requirements during Plaintiffs' and the Class Members' employment. As such, Atomic Transport's conduct constitutes a willful violation of Ohio law.

86. As a result of Atomic Transport's willful failure to pay Plaintiffs and the Class Members one and one-half times the applicable regular rate for all hours worked in excess of 40 per week, Atomic Transport did not pay Plaintiffs and the Class Members the applicable overtime rate for all hours worked for the duration of their employment, in violation of Ohio Revised Code § 4111.03 and Article II § 34a of the Ohio Constitution.

87. **WHEREFORE**, Plaintiff Harris, Plaintiff Scott and the Class Members request that this Court enter Judgment against Defendant Atomic Transport, LLC in their favor:

   a. Awarding Plaintiffs and the Class Members overtime compensation in the amount due to them for all of their time worked in excess of forty (40) hours per work week at an amount equal to one-and-one-half times their regular rate while working for Atomic Transport.

b. Awarding Plaintiffs and the Class Members an additional amount equal to two-times the overtime award;

c. Awarding Plaintiffs' and the Class Members' reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d. Awarding Plaintiffs' and the Class Members' costs incurred in this action;

e. Awarding Plaintiffs and the Class Members pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

f. Awarding Plaintiffs and the Class Members post-judgment interest, at the highest legal rate, on all amounts from the date of such award until paid in full;

g. Granting service awards to Plaintiff Harris and Plaintiff Scott; and

h. For such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 24th day of June, 2020.

By: /s/ *James L. Simon*
James L. Simon (*pro hac vice* pending)
THE LAW OFFICES OF SIMON & SIMON
5000 Rockside Road
Liberty Plaza – Suite 520
Independence, OH 44131
Telephone: (216) 525-8890
Email: james@bswages.com

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II (*pro hac vice* forthcoming)
Christopher J. Bendau (*pro hac vice* forthcoming)
BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone AZ: (480) 382-5176
Telephone OH: (216) 395-4226
Email: cliff@bswages.com

By: /s/ *Michael L. Fradin*
Michael L. Fradin, Esq.(*pro hac vice* forthcoming)
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com